Singh v. Sessions

BIA
Hom, IJ
A201 109 582

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
>> Circuit Judges,
> MICHAEL P. SHEA,*
>> District Judge.

_____

GURDEV SINGH,
> Petitioner,

-v.-                                                      16-1277

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> Respondent.

_____

* Judge Michael P. Shea, United States District Court for the District of Connecticut, sitting by designation.

_____

**FOR PETITIONER:**          AMY NUSSBAUM GELL, New York, NY.

**FOR RESPONDENT:**          EVAN P. SCHULTZ, Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of
                             Justice, (with Chad A. Readler,
                             Principal Deputy Assistant
                             Attorney General, Stephen J.
                             Flynn, Assistant Director, and
                             Imran R. Zaidi, Trial Attorney, on
                             the brief), Washington, DC.

   **UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

   Petitioner Gurdev Singh, a Sikh who is a native and citizen of India, seeks review of an April 11, 2016, decision of the BIA affirming a November 5, 2014, decision of an immigration judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Gurdev Singh, No. A201 109 582 (B.I.A. Apr. 11, 2016), aff'g No. A201 109 582 (Immig. Ct. N.Y. City Nov. 5, 2014). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented.

   Under the circumstances of this case, "we review both the BIA's and the IJ's opinions." Chen v. Bd. of Immigration Appeals, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). We find no error in the decisions below and deny Singh's petition.

   To qualify for asylum, Singh had to demonstrate either that he (1) suffered past persecution or (2) has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(B); 8 C.F.R. § 1208.13(a)-(b)(1), (2). The agency did not err in concluding that Singh satisfied neither burden.

**1.** Singh's application for asylum was supported almost exclusively by his own testimony. "The testimony of [an] applicant may be sufficient to sustain the applicant's burden without corroboration, [so long as] the applicant satisfies the trier of fact that the applicant's testimony is credible." 8 U.S.C. § 1158(b)(1)(b)(ii). However, the agency supportably concluded that Singh was not a credible witness. See Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam) ("We defer [to an adverse credibility ruling] unless . . . no reasonable fact-finder could [have] ma[d]e such a[] . . . ruling.").

Although Singh offered corroboration, the agency acted within its discretion in excluding the purportedly corroborating evidence as untimely. The agency has broad discretion to "set . . . time limits for the filing of applications and related documents" and to exclude filings that are untimely. 8 C.F.R. § 1003.31(c); see also Dedji v. Mukasey, 525 F.3d 187, 191 (2d Cir. 2008). Singh had nearly two years to submit evidence in compliance with the filing deadline imposed by the agency; nevertheless, he submitted the evidence at issue almost a month after the deadline had passed. That evidence was available prior to the deadline, and Singh failed to "demonstrate[] good cause" for the delay. Dedji, 525 F.3d at 192. Accordingly, the agency was justified in ordering exclusion.

**2.** Singh claimed in his 2012 asylum application that he feared future persecution at the hands of the National Congress Party, which was then the ruling party in India. But at his 2014 merits hearing, Singh claimed for the first time that he feared future persecution at the hands of the Shiromani Akali Dal-BJP ("BJP"), the party that had assumed power in India while Singh was living in the United States. Specifically, Singh claimed that the BJP "take[s] land and property from . . . Sikhs." CAR 58.

3

Singh attempted to justify the omission of the BJP-based claim from his initial application on the ground that the BJP was not yet in power in 2012.  However, Singh conceded on cross-examination that he was aware of the BJP's activities vis-à-vis Sikh landowners before 2012.  And he did not amend his asylum application to reflect his purported fear of the BJP upon the party's ascension to power in early 2014.  Moreover, Singh offered no evidence that he is a landowner.  These facts support the agency's view that Singh was willing to say whatever he thought would buttress his asylum claim, regardless of truth.  The agency's conclusion that Singh failed to offer sufficient credible evidence of a well-founded fear of future persecution is therefore supported by the record.

**3.** The agency had sufficient ground to conclude that Singh offered insufficient credible evidence of past persecution.  Singh testified that, on two occasions in 2010, he was attacked by four members of the National Congress Party.  However, Singh's testimony regarding the alleged attacks was "generalized," lacking "specifics and details," including the exact nature of any injuries he suffered.  CAR 62; see also Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 341 (2d Cir. 2006) (noting that an asylum applicant must demonstrate that the harm he suffered rose above "mere harassment").  This lack of detail, combined with the agency's supportable finding that Singh was not a "credible witness," entitled the agency to afford Singh's testimony "very little evidentiary weight" and to ultimately reject his claim of past persecution.  CAR 61; see also Chen v. U.S. Dep't of Justice, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight to afford evidence is largely within the agency's discretion).

There is no evidence in the record--including the evidence deemed untimely--to compel a conclusion different from the one reached by the agency.  The medical letter that Singh submitted after the filing deadline, which the agency actually did consider "for [the sake of] completeness," was vague, unsworn, and not a

4

contemporaneous record of medical treatment.  CAR 62.  The affidavits from Singh's family members were similarly short on detail, prepared four years after the alleged attacks, and unsupported by personal knowledge.  And the letter from a member of Singh's political party, which stated simply that Singh had been attacked on two unspecified dates, was unsworn and lacked any indication of personal knowledge.

**4.** Given that the agency reasonably found that Singh "failed to [present sufficient] credible evidence of either past persecution or a well-founded fear of future persecution," CAR 62, it did not err in denying asylum. Nor did the agency err in denying Singh withholding of removal and relief under the CAT, both of which require even greater showings.  Lecaj v. Holder, 616 F.3d 111, 119–20 (2d Cir. 2010).

We have considered Singh's remaining arguments and conclude that they are without merit.  The petition for review is DENIED.  Any stay of removal previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5